**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO ANTONIO FLORES-HENRIQUEZ, <br><br>         Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>         Respondent. | No. 09-71106 <br><br> Agency No. A029-280-011 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Gilberto Antonio Flores-Henriquez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Flores-Henriquez contends he suffered harm from alleged gang members during several robberies on account of his political opinion and/or his membership in a particular social group.[1] Substantial evidence supports the BIA's finding that the robberies were criminal in nature and thus that Flores-Henriquez failed to establish the required nexus to a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Flores-Henriquez's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

---

[1] To the extent Flores-Henriquez contends he is a member of a social group distinct from the one the BIA considered and rejected, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence also supports the BIA's finding that Flores-Henriquez did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). Accordingly, his CAT claim fails.

Finally, Flores-Henriquez's due process contention that the BIA's streamlined order did not provide a reasoned decision fails because it is belied by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**